BEFORE THE THIRD DIVISION, JULY 19, 1950

:**No. 54552.**—American Askania Corporation *v.* United States, protests 42131–K, etc. (Galveston).

EKWALL, Judge:    In this case the importer claims that the collector failed to make a proper liquidation in that he did not adopt the value found by the court in the reappraisement proceedings.    Twenty-five protests have been consolidated for hearing, all involving the same issue and all filed by the same plaintiff. All of the entries here involved were the subject of reappraisement proceedings. In the first reappraisement case the single judge set forth the pertinent facts as follows (*T. E. Ash et al.* v. *United States*, 73 Treas. Dec. 1589, Reap. Dec. 4327):

These cases have all been suspended under reappraisement 90752–A in which case decisions were rendered by this court and the United States Court of Customs .and Patent Appeals in *T. E. Ash* v. *United States*, Reap. Decs. 1850, 2026, 2115, 3119, 3250, 3549, *United States* v. *T. E. Ash*, 22 C. C. P. A. 395, T. D. 47401, .and 23 C. C. P. A. 360, T. D. 48211.    In the final decision, after all the litigation, the merchandise was appraised at the value shown to be the cost of produc- -tion thereof.

The importers noted an advance on the entry in all of the cases here involved. In reappraisements 95766–A, 95767–A, 96003–A, 96004–A, 96006–A, 96415–A, ·96069–A, 96416–A, 96070–A, 96301–A, 96454–A, 96479–A, 96604–A, 96728–A, 96911–A, 96912–A, 97008–A, 97038–A, 97155–A, 97181–A, 97342–A, 97404–A, ·97405–A, 97829–A, 97830–A, and 97831–A, the notation on the entry is "Importer adds to meet advance of appraiser under duress," giving the amount which was added on the entry.    A sheet of paper attached to each entry contains the .same statements but the paper does not show that the advance was made to meet an advance in value made by the appraiser in a previous case and no test ·case is cited on any of the documents.

\*          \*          \*          \*          \*          \*          \*

On each of the invoices except the one covered by reappraisement 97405–A, the appraiser made a detailed advance on certain items on the invoice and at the bottom of the invoices he showed the total advance, which is the same as the amount added by the importer on entry in all cases except on the invoice ·covered by reappraisement 97038–A in which he appears to have noted the total .appraised value rather than the amount of the advance.    The appraiser made no notation of advance on the invoice covered by reappraisement 97405–A.

His notation on the sheet entitled "Summary of Entered Value, Examination and Appraisement" in that case is "Importer's additions under duress noted."

Copies of a form entitled "Notice to Importer of Advance in Value Upon Appraisement," showing the percentage of advance, signed by the deputy collector, are attached to the invoices in each case, which seems to indicate that such notices were sent out by the deputy collector and that neither the deputy collector nor the appraiser paid any attention to the advances made by the importer upon the entries, except as to the advance made on the entry covered by reappraisement 97405–A.

\*  \*  \*  \*  \*  \*  \*

Upon the statement of counsel for the plaintiff that "we are not predicating our appeal or our request for this reappraisement or any of our proceedings therein upon any sort of duress proposition," counsel for the defendant offered no objection to the motion of counsel for the plaintiffs to incorporate the record in reappraisement 90752–A in the record in these cases and that record is admitted in evidence.

It is unnecessary and would only lengthen this decision to set forth the various findings entering into the decisions. It is sufficient to set forth the decision of the division of this court to whom an appeal was taken from the decision of the single judge, as follows (*United States v. T. E. Ash et al.*, 2 Cust. Ct. 1016, Reap. Dec. 4601):

In reappraisement 95766–A and twenty-five others here involved it appears that the importer noted on the entry the invoice prices, which were considered by it to be the cost of production of the articles and the proper dutiable value thereof, but that in view of statements made by the acting appraiser, who was also the deputy collector in charge at the time, to the effect that appraisement would be at higher values based upon what he considered were the foreign values thereof, the importer in each case added to the value an amount sufficient to meet the expected advances. Opposite the amount of such addition on each entry the following appears:

Importer adds to meet advance of appraiser under duress—

and attached to each entry is a paper in the following form:

| Invoice Price As Given | Importer Adds to Meet Advance of Appraiser Under Duress | Entered Value Under Duress |
|---|---|---|
| $89.04 | $50.00 | $139.04 |

(The foregoing is a copy of the paper attached to the entry in reappraisement 95766–A, which is typical of the others.)

\*  \*  \*  \*  \*  \*  \*

Examination of each of the appeals herein discloses that written notice of appraisement was mailed to the importer in each case advising of an advance in value, and that within due time thereafter these appeals were filed.

There were incorporated therein as part of the record before the court the records in *United States v. T. E. Ash et al.*, 22 C. C. P. A. 395, T. D. 47401, and *Same v. Same*, 23 C. C. P. A. (Customs) 360, T. D. 48211.

Both the single judge and the division held that the proper dutiable values of the merchandise in suit were the invoice values and that such values represented the cost of production, thereby sustaining the importers' claims as to value.

The collector in liquidating the entries used the entered values as the basis on the theory, apparently, that the entries, not having been made under duress, and the entered values being higher than the final appraised values, the entered values would govern. (Section 503, Tariff Act of 1930.) Plaintiff claims that inasmuch as a notice of advance upon appraisement had been sent in each case to the importer, the appraiser had not accepted the advanced values set forth by the importer as the entered values. It is conceded by the plaintiff that these were not proper duress entries. However, plaintiff claims that any amounts added to the invoice prices by the importers were voluntarily added by them as part of the entered value. The contention here is that had the collector considered the amounts added as advances to the entered value, it would have been unnecessary

for the appraiser to advance the value and the collector to send notices of advance to the importers. We are not advised from the official papers as to the collector's reason for sending the notices of advance. It may very well be that such notices were sent in an excess of caution, having in mind that it might be held by the court that the entries were legal duress entries. However that may be, the record fails to disclose that the importers entered at the lower value found by the court to be the proper dutiable value.

In an early case the same question arose under an earlier tariff act. *West India Sugars Co.* v. *United States*, 30 Treas. Dec. 605, Abstract 39540. There, certain molasses was entered at 3.5 cents per gallon and appraised at 2.5 cents per gallon. The importer stated on entry that the market value of the molasses was less than that at which it had been entered. Apparently, as held by the court, the entry at the higher figure of 3.5 cents was due to a consultation which the importer had with the appraiser wherein said appraiser stated that he would appraise at the higher price. It was claimed on behalf of the importer that the collector should have assessed duty upon the appraised value of 2.5 cents per gallon. In that case, no proper duress entry was made nor was duress shown or claimed in the protest. It was held that the collector was bound to assess duty upon the entered value.

We find nothing in the instant case as presented which would cause us to depart from the holding in the case cited. Plaintiff's claims are therefore overruled.

Judgment will be rendered for the defendant.